## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Gamaliel Alexander Posey, Sr.,<br><br>Debtor. | Case No.: 21-19958-JNP<br>Chapter 13 |

### OBJECTION OF AMERICAN EXPRESS NATIONAL BANK TO CHAPTER 13 PLAN

Creditor and party in interest American Express National Bank ("American Express"), by its attorney, hereby objects to the Chapter 13 Plan (the "Plan," Dkt. No. 6) of Debtor Gamaliel Alexander Posey, Sr. (the "Debtor"). The Plan should not be allowed because it does not provide for a secured claim for American Express, which has a valid lien on the Debtor's homestead. In further support hereof, American Express states as follows:

1. American Express is the holder of a valid judicial lien on the Debtor's real property in the amount of $3,369.42 arising from a judgment against the Debtor entered in the Gloucester County Court on or about April 5, 2017 and recorded on or about September 11, 2019 (the "Lien"). The judgment is attached to a proof of claim filed by American Express in this bankruptcy. See Claims Register #5-1. Part

2, item 9 of the proof of claim identifies American Express's claim as secured by real estate.

2. Schedule E/F of the Debtors' bankruptcy petition (the "Petition," Dkt. No. 1) mistakenly characterizes American Express's claim as unsecured and presents an incorrect amount for the debt.

3. The Plan is silent as to the treatment of American Express's claim. It does not identify American Express's claim as secured.

4. In light of the foregoing, the intention of the Debtor appears to be treat American Express incorrectly as an unsecured creditor.

5. The Debtor has claimed a fair market value of $355,000.00 for his homestead at 592 Taylor Road, Franklinville, NJ 08322. See Petition at Schedule A/B.

6. The Lien entitles American Express's claim to be treated as secured, unless it impairs an exemption of the Debtor. Pursuant to 11 U.S.C. § 522(f)(2)(A), a lien impairs an exemption claimed by a debtor to the extent that the sum of (i) the lien, (ii) all other liens, and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2)(A).

7. Applying this formula, the Lien does not impair the Debtor's homestead exemption. The Debtor claims a homestead exemption of $25,000.00 pursuant to 11 U.S.C. § 522(d)(1). See Petition at Schedule C. The mortgage is $212,957.61. Id. at Schedule D. The sum of the Lien, the mortgage, and the homestead exemption is $241,327.03 ($3,369.42 + $212,957.61 + $25,000.00). The value of the Debtor's interest absent any liens is $355,000.00. The sum of the Lien, the other liens, and the homestead exemption thus does not exceed the value of the Debtor's interest absent liens. Thus, the Debtor's exemption is not impaired and there is no basis to avoid the Lien. Accordingly, the Plan should expressly provide that American Express's claim be treated as fully secured.

WHEREFORE, American Express respectfully requests that (1) the Plan not be confirmed in its current form, and (2) an order be issued requiring the Debtors to include a provision in an amended plan granting American Express a secured claim in the amount of the Lien.

Dated: 1/26/22                                                                 Respectfully submitted,

                                                          AMERICAN EXPRESS NATIONAL BANK,

By its attorney,

/s/ G. Todd Pondish
G. Todd Pondish, Esq.
Zwicker & Associates, P.C.
1020 Laurel Oak Rd., Suite 303
Voorhees, N.J. 08043
1.856.784.7077
tpondish@zwickerpc.com

4

# CERTIFICATE OF SERVICE

I hereby certify that on this  26th  of  January , 2022 I caused a copy of the foregoing Objection of American Express National Bank to Chapter 13 Plan to be served by electronic filing and on the following persons by first-class mail, postage prepaid:

Steven J. Richardson
Law Offices of Steven J. Richardson, PC
40 Newton Ave.
Woodbury, NJ 08096
Counsel for the Debtor

Isabel C. Balboa
Cherry Tree Corporate Center
535 Route 38 - Suite 580
Cherry Hill, NJ 08002
Standing Chapter 13 Trustee

U.S. Trustee
US Dept of Justice
Office of the US Trustee
One Newark Center Ste 2100
Newark, NJ 07102

/s/ G. Todd Pondish
G. Todd Pondish, Esq.